## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN D. WILSON,** | : | **CIVIL ACTION NO. 1:07-CV-1301** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CATHERINE McVEY, ALLEN** | : | |
| **CASTOR, JEFFREY IMBODEN,** | : | |
| **GARY LUCHT, GERARD MASSARO,** | : | |
| **SEAN RYAN, LLOYD WHITE,** | : | |
| **BENJAMIN MARTINEZ, MICHAEL** | : | |
| **GREEN, CHAD ALLENSWORTH,** | : | |
| **and ROBERT GREEVER,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is the motion to dismiss (Doc. 16) the complaint of *pro se* plaintiff John D. Wilson ("Wilson"), who alleges that defendants, who are members of or counsel to the Pennsylvania Board of Probation and Parole, discriminated against him on the basis of his race and religion.  Wilson, an African American and member of the Jewish faith, claims that defendants revoked his parole when he failed to complete a required substance abuse rehabilitation program, which required participants to recite a Christian prayer.  Wilson refused to participate in this element of the program.  Defendants contend that Wilson's claims are barred by the statute of limitations and by the favorable termination rule announced in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  For the reasons that follow, the motion to dismiss (Doc. 16) will be granted.

I.   **Factual Background**[1]

In autumn 2003, Wilson, who is incarcerated at the State Correctional Institution–Frackville, Pennsylvania, had been paroled following imprisonment for an unspecified offense.  (Doc. 1, Ex. A ¶ II, IV.1.)  His parole required him to participate in a substance abuse rehabilitation program.[2]  (Id. ¶ IV.1.)  As a component of the program, participants were required to memorize and recite the Serenity Prayer, a Christian prayer in which the penitent states:   "God, give us grace to accept with serenity the things that cannot be changed, courage to change the things that should be changed, and the wisdom to distinguish the one from the other."[3]

On September 8, 2003, Wilson refused to recite the prayer during a rehabilitation program meeting.  (Id.)  A parole officer immediately arrested him.  (Id.)  On September 18, 2003 he attended a preliminary hearing before the Pennsylvania Board of Probation and Parole (hereinafter "the Parole Board" or "the board").  The board concluded that probable cause existed to charge Wilson

---

[1]In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. See infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

[2]Neither Wilson's complaint nor the parties' filings identify the what type of substance abuse the program addressed.

[3]The prayer is commonly attributed to the early Twentieth Century theologian Reinhold Niebuhr.  See REINHOLD NIEBUHR, A VIEW OF LIFE FROM THE SIDELINES (1967), reprinted in THE ESSENTIAL REINHOLD NIEBUHR: SELECTED ESSAYS AND ADDRESSES, at 251 (Robert McAfee Brown, ed. Yale Univ. Press 1986).

with a parole violation for his failure to complete the rehabilitation program.[4]  (Id.
¶¶ IV.1, .3.)  The board scheduled a formal violation hearing for December 11, 2003
to adjudicate the Wilson's alleged parole infractions.  (Id. ¶ IV.4.)  At the violation
hearing, the board heard charges that Wilson failed to complete the rehabilitation
program, had sexually stalked a female parolee, and had threatened a male parolee.
(Id. ¶ IV.2.)  Wilson never received notice of the latter two charges, as required by
Parole Board regulations.  (Id. ¶ IV.4); see also 37 PA. CODE § 71.2(2).  Nevertheless,
the parole board found Wilson liable for failure to complete the rehabilitation
program and for stalking a female parolee.  (Id. ¶ IV.5.)  He was found not liable for
the threatening charge.  (Id.)  The board reinstated twenty-four months of his
sentence, allotting eighteen months to the rehabilitative infraction and six months
to the stalking charge.  (Id.)

Wilson filed an appeal with the Parole Board's administrative appeals office,
which affirmed the revocation on April 4, 2004.  (Doc. 22 at 1.)  He then filed a
petition for review with the Commonwealth Court of Pennsylvania.  The court
quashed the petition as untimely and entered judgment against him on April 20,

---

[4]Under Parole Board regulations, parolees suspected of violations initially
appear at a preliminary hearing at which an examiner determines whether
probable cause exists to prosecute the alleged violations.  See 37 Pa. Code. § 71.2(1)-
(4).  If the examiner finds probable cause, the parolee's case proceeds to a violation
hearing before a panel of Parole Board members or, if the parolee consents, before
a single examiner.  Id. § 71.2(9), (13).  The violation hearing panel or examiner
adjudicates the alleged violation and assigns an appropriate sanction if the parolee
is found liable.  Id. § 71.2(16)-(18).  The parolee may then pursue an administrative
appeal, followed by judicial review in the Pennsylvania courts.  See id. § 73.1(a); see
also 2 PA. CONS. STAT. § 702.

2004.  <u>See</u> Docket, Wilson v. Pa. Board of Prob. & Parole, No. 790 CD 2004 (Pa.

Commw. Ct.).[5]  Wilson filed a motion for reconsideration, which the Commonwealth

Court denied on June 1, 2004.  <u>Id.</u>  The matter then lay dormant for nearly three

years.  In approximately March, 2007, Wilson sent a letter to the Parole Board

requesting information about an internal investigation that he believed the board

was performing on his case.  On March 26, 2007, he received a letter from the board

stating that the status and results of internal investigations are confidential.  (Doc.

23 at 2.); <u>see also</u> 37 PA. CODE § 61.2.  The letter neither confirmed nor denied the

existence of an investigation.

Wilson then commenced the instant civil rights action in the Dauphin County

Court of Common Pleas on April 30, 2007.  (<u>See</u> Doc. 2 at 9.)  He alleges that

mandatory recitation of the Serenity Prayer violates his right to freedom of religion,

and he contends that defendants discriminatorily revoked his parole as a result of

religious and racial animus.  Defendants removed the matter to federal court on

July 17, 2007 and have filed a motion to dismiss (Doc. 16).  They contend that

Wilson's claims are barred by the statute of limitations and precluded by virtue of

---

[5]The docket associated with Wilson's Commonwealth Court appeal is publically available on the website of the Pennsylvania courts at http://usjportal.pacourts.us.  The court takes judicial notices of the state court docket associated for purposes of this memorandum.  <u>See</u> FED. R. EVID. 201(c); <u>Cooper v. Pa. State Att'y Gen.</u>, No. 2:06cv1332, 2007 WL 2492726, at *2 (W.D. Pa. Aug. 30, 2007) (reiterating that a federal court may take judicial notice of court records and dockets).

the outcome of his probation hearing. The parties have fully briefed these issues, which are now ripe for disposition.

## II.   Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, --- U.S. ---, 127 S.Ct. 2197, 2200 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, ---

U.S. ---, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007).  Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, --- U.S. at ---, 127 S. Ct. at 1969).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III.   Discussion**

Defendants move to dismiss Wilson's complaint, asserting that it was filed after expiration of the applicable limitations period.  Rule 12(b) of the Federal Rules of Civil Procedure requires that all defenses be asserted in an answer except those expressly enumerated in the rule.  See FED. R. CIV. P. 12(b).  The Federal Rules do not require a plaintiff to proffer specific allegations regarding the time of the alleged offense, and Rule 12(b) does not provide for pre-answer assertion of a limitations defense.  See id. Kiewit Constr., Inc. v. Franbilt, Inc., No. 07-CV-121A, 2007 WL 2461919, at *2 (W.D.N.Y. Aug. 24, 2007) (quoting Jones v. United Gas Improvement Corp., 383 F. Supp. 420, 436 n.2 (1974)) (noting that the Federal Rules "'do[] not require specific allegations of place and time, but merely state[] that when

6

such specific allegations are made, they are material'"").  Nevertheless, a district court may dismiss a complaint as time-barred if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1974).  To qualify for dismissal, the complaint must demonstrate the applicability of the limitations defense.  Id.  Civil rights claims are governed by the state statute of limitations applicable to personal injury actions.[6]  See Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir. 2003).  In Pennsylvania, the applicable limitations period is two years.  See id. (citing 42 PA. CONS. STAT. § 5524(7)).  The limitations period commences "when the plaintiff knew or should have known of the injury upon which [the plaintiff's] action is based." Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).

In the case *sub judice*, Wilson filed his complaint in state court on April 30, 2007.  Any claims that accrued more than two years prior to the filing thereof are barred by the statute of limitations.  Hence, Wilson's claims fail to the extent they arise from events that occurred before April 30, 2005.

---

[6]Wilson contends that his claims arise under 42 U.S.C. § 1981, rather than under 42 U.S.C. § 1983, the conventional statute for vindication of constitutional rights.  This distinction, however, is insignificant for purposes of the present discussion because the same limitations period applies to claims under both statutes.  See Burgh v. Borough Council of Montrose, 251 F.3d 465, 472 (3d Cir. 2001) ("We have borrowed two-year personal injury limitations periods from the states and imposed them in both § 1981 claims . . . and § 1983 claims.").  The court expresses no opinion regarding the propriety of Wilson's reliance on § 1981.

Wilson's complaint reveals that every act upon which he predicates a constitutional deprivation occurred prior to this date.  Wilson refused to recite the Serenity Prayer on September 8, 2003 "due to his belief in Judaism" and was taken into custody as a result.  (Doc. 1, Ex. A ¶ IV.6.)  The Parole Board's adjudicative process culminated on January 13, 2004, when the board affirmed the reinstatement of eighteen months of Wilson's sentence.  He then sought judicial review, which terminated when the Commonwealth Court's denied his motion for reconsideration on June 1, 2004.  Wilson's alleged constitutional harms accrued at the moment each of these events occurred, and any right to relief predicated upon them expired well before April 30, 2007.

In fact, the only action that Wilson alleges within the applicable limitations period is his receipt of the parole board's letter on March 26, 2007.  Wilson argues that the letter revives his constitutional claims because it confirms that "his racial discrimination claim is still under investigation."  (Doc. 22 at 2.)  However, the letter is inadequate resuscitate his time-barred claims because a right to relief attached at the time he received notice of defendants' allegedly wrongful actions.  See Yurcic v. Purdue Pharma, L.P., 343 F. Supp. 2d 386, 392 (M.D. Pa. 2004) (observing that the limitations period commences when the "injured party . . . has or should have had notice that he had an action to bring").  Wilson was not required to forbear from filing an action until the Parole Board conducted an internal investigation, and any investigation is not an essential component of a constitutional claim predicated upon the revocation proceedings.  The potential existence of a continuing

8

investigation simply has no effect on claims that accrued more than three years prior to the commencement of this action and whose limitations clock has long since expired.  Hence, Wilson's claims fall outside of the limitations period.

Wilson nevertheless asserts that his claims may proceed because the defendants fraudulently concealed the facts from which they arise, tolling the limitations period.  A federal court relying upon a state statute of limitations must also apply the state's tolling principles.  See Weis-Buy Servs. v. Paglia, 411 F.3d 415, 422 (3d Cir. 2005).  Under Pennsylvania law, "[t]he doctrine of fraudulent concealment 'tolls the statute of limitations where . . . the defendant causes the plaintiff to relax his vigilance,'" thereby preventing the plaintiff from discovering the facts underlying a cause of action.  Fin. Software Sys. v. Lecocq, No. Civ. A. 07-3034, 2008 WL 2221903, at *3 (E.D. Pa. May 29, 2008) (quoting Bohus v. Beloff, 950 F.2d 919, 925 (3d Cir. 1991)).  The defendants must affirmatively attempt to mislead the plaintiff in a manner that prevents discovery of the injury within the limitations period.  Id. (quoting Bohus v. Beloff, 950 F.2d 919, 925 (3d Cir.1991)) ("There must be an affirmative and independent act of concealment that would divert or mislead the plaintiff from discovering the injury.").  Such activity tolls the limitations period until "the plaintiff[] knew or using reasonable diligence should have known of the claim."  Id. (quoting Bohus, 950 F.2d at 925-26).

In the instant matter, Wilson argues that the statute of limitations has been tolled because defendants concealed the existence of an internal investigation of his claims, which allegedly prevented him from discovering the constitutional

violations within the limitations period.  These arguments are bereft of merit.

Wilson's complaint and motion papers fail to establish facts that raise even an

evanescent inference of fraud by the defendants.  To the contrary, the alleged

constitutional harms arise from the parole revocation proceedings and his appeals

therefrom.  Wilson attended hearings throughout the parole revocation process,

and he prosecuted his appeal to the Commonwealth Court *pro se*.  His personal

knowledge of and participation in this process soundly refutes any allegation that

defendants attempted to conceal their actions from him.  Moreover, defendants'

alleged nondisclosure of an internal investigation is inadequate to toll the

limitations period because the investigation is not an essential element of the

alleged constitutional deprivations associated with the revocation of Wilson's

parole.  Accordingly, Wilson's claims are time-barred, and the limitations period has

not been tolled.  The motion to dismiss will be granted.[7]  Leave to amend will be

denied as futile because Wilson has failed to allege any actionable conduct by

---

[7]Notwithstanding a meritorious limitations defense, Wilson's claims associated with his failure to complete the rehabilitation program and his sexual stalking of a female parolee are barred by the favorable termination rule announced in Heck v. Humphrey, 512 U.S. 477 (1994).  The favorable termination rule requires that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87; see also Saunders v. Bright, No. 08-1763, 2008 WL 2265840, at *1 n.4 (3d Cir. June 3, 2008) (stating that the favorable termination rule applies to claims brought under both § 1981 and § 1983).  The rule applies to criminal convictions and parole revocations alike, and inmates may not predicate a civil rights action upon the revocation of their parole if the action would impugn the validity of the revocation.  See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006).

In the instant matter, Wilson alleges that religious and race discrimination motivated the revocation of his parole.  Were he to succeed, his victory would necessarily imply that the parole revocation rests upon discriminatory footing rather than upon a legitimate adjudication of his parole violation on the merits.  Therefore, the favorable termination rule bars his claims insofar as they arise from the Parole Board's determination of liability on the sexual stalking claim and his failure to complete the rehabilitation program.

defendants within the two-year limitations period.[8]  See Grayson v. Mayview State

Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

An appropriate order follows.


                                                S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge


Dated:         September 8, 2008

---

[8]Wilson has filed a motion for summary judgment (Doc. 29), which the court stayed pending resolution of the motion to dismiss.  The motion for summary judgment will be denied as moot because resolution of the motion to dismiss wholly disposes of Wilson's claims.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN D. WILSON,** | : | **CIVIL ACTION NO. 1:07-CV-1301** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CATHERINE McVEY, ALLEN** | : | |
| **CASTOR, JEFFREY IMBODEN,** | : | |
| **GARY LUCHT, GERARD MASSARO,** | : | |
| **SEAN RYAN, LLOYD WHITE,** | : | |
| **BENJAMIN MARTINEZ, MICHAEL** | : | |
| **GREEN, CHAD ALLENSWORTH,** | : | |
| **and ROBERT GREEVER,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 8th day of September, 2008, upon consideration of

defendants' motion to dismiss (Doc. 16) plaintiff's complaint (Doc. 1), and for the

reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1.    The motion to dismiss is GRANTED.  Leave to amend is denied as futile.
      See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

2.    Plaintiff's outstanding motion for summary judgment (Doc. 29) is
      DENIED as moot.

3.    An appeal from this matter is DEEMED frivolous and not in good faith.
      See 28 U.S.C. § 1915(a)(3).[1]

---

[1]Wilson filed for and was granted permission to proceed *in forma pauperis* in
state court.  (See Doc. 2 at 6.)  The court continued to honor his *in forma pauperis*
status after removal of the action.

4.     The Clerk of Court is instructed to CLOSE this case.


                                            S/ Christopher C. Conner
                                         CHRISTOPHER C. CONNER
                                         United States District Judge